# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hamid Yazid Vitalis, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 0:15-1053-PMD-PJG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Sterling, *Director*; Sandra Barrett, ) | |
| *Division Dir. Program Services*; Bernard ) | |
| McKie, *KCI Warden*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 12). Following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the Magistrate Judge issued the R&R, recommending that this Court summarily dismiss, without prejudice, Plaintiff Hamid Yazid Vitalis's ("Plaintiff") Complaint (ECF No. 1). Plaintiff timely filed Objections to the R&R, (ECF No. 15), in a document styled as a "Motion to Dismiss Recommendation and Amend Original Complaint." The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order. For the reasons set forth herein, Plaintiff's Complaint is dismissed.[1]

---

1. In addition to his Complaint, Plaintiff filed two additional motions that require disposition. First, in the same packet as his Complaint, Plaintiff filed a "Motion to Provide Evidence," asking the Court to "accept a copy of the weekly menu" in support of his claims and attaching a copy of a South Carolina Department of Corrections (SCDC) Master Menu from Summer 2011. (ECF No. 4.) Plaintiff also attached the "Main Line Master Menu" from Wateree River Correctional Institution, dated Summer 2013, as an Exhibit to his Complaint. (ECF No. 1-3.) The Court considered both menus in its review of Plaintiff's Complaint and his Motion is therefore moot.

    Second, and by way of background, Plaintiff filed a Memorandum in Support of his Complaint, requesting, in addition to damages, "[a] preliminary and permanent injunction ordering Defendants . . . to cease and desist the continuation of the weekend brunch schedule." (Pl.'s Mem. Supp. Compl. 4.) On May 1, 2015, Plaintiff filed a

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).

**DISCUSSION**[2]

**I.     R&R**

Plaintiff has alleged violations of his Fourteenth Amendment rights to due process and equal protection[3] stemming from Defendants' violation of SCDC meal and grievance policies.[4]

---

separate Motion for Preliminary Injunction, (ECF No. 14), which failed to specify the injunctive relief requested. As detailed more fully herein, Plaintiff has failed to state a claim upon which relief may be granted and therefore is not entitled to injunctive relief. Plaintiff's Motion for Preliminary Injunction is thus rendered moot.

2.  The Magistrate Judge's R&R sets forth in sufficient detail the relevant facts of this case, including citations to the record. Because Plaintiff did not object to the Magistrate Judge's factual recitation and because the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, the Court adopts the Magistrate Judge's proposed findings and summary of the relevant facts for purposes of this Order. Thus, the Court sees no need to repeat or restate the relevant facts and procedural history of this case.

Plaintiff also alleges that Defendants violated S.C. Code Ann. § 24-1-20 (declaring the policy of the State in the operation of SCDC and mandating humane treatment for prisoners) and 24-1-30 (creating SCDC).

Liberally construed, Plaintiff employs the following logic as grounds for his Objections: (1) South Carolina is a State subject to the United States Constitution; (2) SCDC was created by and is governed by the laws of South Carolina; (3) SCDC policy requires that no more than fourteen (14) hours elapse between the evening and breakfast meals; (4) Defendants, who are SCDC employees, have failed to adhere to the stated policy by implementing a brunch schedule on weekends ("Weekend Brunch Schedule"), causing 15 to 20 hours to elapse between the brunch and supper meals; and (5) Defendants' failure to provide Plaintiff meals as outlined under SCDC policy constitutes a violation of both his constitutional rights and state law.

While Plaintiff's Objections provide a more complete picture of the basis on which he believes this Court may afford him relief, his arguments also make clear that he "completely misunderstands the scope of § 1983." *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992). This civil rights statute "guarantees a person's *constitutional* rights against violation by state actors" but provides no relief for "prison rules violations, assuming, *arguendo*, that such a violation occurred." *Id.* Moreover, after conducting a de novo review of those portions of the Magistrate Judge's R&R to which Plaintiff lodged specific objections, the Court finds no basis to reject, modify, or set aside the R&R's findings and recommendations either in whole or in part.

---

3. Plaintiff failed to specifically object to the Magistrate Judge's recommendation that his equal protection claim be dismissed and, in fact, seeks to "omit" this claim in his Motion to Amend the Complaint. (Pl.'s Mot. to Amend Compl. 4.) Finding no clear error, the Court accepts the Magistrate Judge's recommendation that Plaintiff's equal protection claim be dismissed. *See Diamond*, 416 F.3d at 315.

4. Plaintiff also alleges in his Objections, for the first time, that Defendants have violated his rights under the Ninth Amendment. (Pl.'s Objections 4.) While Plaintiff invokes the Ninth Amendment by quoting its language, he fails to allege any facts to support this claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667–79 (2009); *see also* Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff's Objections essentially restate and restyle the basic premise upon which his Complaint is built, namely, his contention that § 1983 affords him relief for alleged violations of state prison policy as *per se* unconstitutional acts. However, for the various reasons set forth in the R&R, and explained in detail by the Magistrate Judge, Plaintiff's arguments in this regard are unavailing. Therefore, having reviewed the record, including Plaintiff's Objections, de novo, the Court concludes that the Magistrate Judge fairly summarized the relevant facts, extensively outlined the corresponding principles of law, and correctly applied those principles to the facts at hand. Accordingly, the Court accepts and adopts the Magistrate Judge's R&R and fully incorporates it into this Order.

## II.    Motion to Amend

Plaintiff's Objections include a Motion to Amend his Complaint in order to add a claim for violation of his Eighth Amendment right against cruel and unusual punishment and to omit his equal protection claim.[5]

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "leave to amend a complaint should be freely given 'when justice so requires.'" *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012) (quoting *Fields v. Walpole*, No. 11-1000, 2011 WL 6217081, at *2 (D. Md. Dec. 13, 2011)). This liberal rule seeks to ensure the resolution of cases on their merits rather than disposing of them on mere technicalities. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Therefore, a plaintiff's motion for leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Woods*, 841 F. Supp. 2d at 930 (quoting *Fields*, 2011 WL 6217081, at *2) (internal quotation marks omitted).

---

5. As discussed *supra* Section I, Plaintiff's failure to object to the Magistrate Judge's recommendation that his equal protection claim be dismissed renders the latter proposed amendment moot.

4

Notwithstanding Rule 15(a)'s permissive standard, as well as the liberal-construction requirement for *pro se* pleadings, the Court concludes that granting Plaintiff leave to amend his Complaint is not appropriate under the circumstances. Having carefully reviewed Plaintiff's proposed amendment, the Court denies Plaintiff's Motion to Amend on the basis of futility. For leave to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Therefore, the futility analysis under Rule 15(a) requires an initial assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claim is based. *Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004).

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.[6] To establish a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must allege: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (citation omitted). Under the first, objective prong of this two-part test, the Court must determine whether the deprivation of the basic human need was "sufficiently serious." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.

---

6. The right to be free from such punishments has been incorporated against the states. *See Robinson v. California*, 370 U.S. 660 (1962).

5

1993) (quoting *Wilson v. Seiter*, 111 S. Ct. 2321, 2324 (1991)). The second, subjective prong requires the Court to determine whether "'the officials act[ed] with a sufficiently culpable state of mind.'" *Id.* The Fourth Circuit has held that the objective component of an Eighth Amendment violation requires the plaintiff to "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Id.* at 1381.

With regard to the first prong, the Motion to Amend alleges that the Weekend Brunch Schedule causes Plaintiff to suffer "physical and emotional harm" and that the lack of a third meal "effects [sic] a persons [sic] mental capacity." (Pl.'s Objections & Mot. to Amend 5.) He alleges that the Weekend Brunch Schedule constitutes "malnourishment of calorie loss," that it "depriv[es] [Plaintiff] of a serious source of sustenance," and that the fact that he is expected to complete his work assignments "with the lack of a government mandated meal" creates a "cruel and unusual harm situation." (*Id.*)

An allegation that a prison has failed to provide adequate food fit for human consumption can be sufficient to state a cognizable constitutional claim, *see Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978), so long as the deficiency is serious and the defendant is deliberately indifferent to the need. *Wilson*, 111 S. Ct. at 2324. However, courts that have considered factually similar scenarios have held that deprivations like those that Plaintiff alleges are not sufficiently serious as to constitute violations of the Eighth Amendment. *See, e.g., Berry v. Brady*, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months did not meet the objective component and noting that the prisoner had not alleged any specific physical harm or health risk and had not claimed weight loss); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (finding it "doubtful" that prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting

6

that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Green v. Ferrell*, 801 F.2d 765, 770–71 (5th Cir. 1986) (stating that even on a regular, permanent basis, two meals a day may be adequate); *Brzowski v. Ill. Dep't of Corr.*, No. 15-CV-173-SMY, 2015 WL 1228916, at *4 (S.D. Ill. Mar. 16, 2015) (finding inmate failed to state a claim where he alleged that prison's adoption of two-meal per day system did not meet nutritional guidelines; plaintiff failed to allege that he had lost weight or otherwise suffered adverse health consequences as a result of the new meal plan); *Hernandez v. Santa Rosa Corr. Inst.*, No. 3:05CV39/MCR/EMT, 2006 WL 1494008, at *4 (N.D. Fla. May 24, 2006) (finding that prisoner who was denied lunch five days per week for four months, but who did not allege that he had suffered physical harm, failed to state a claim for violation of the Eighth Amendment); *Gardner v. Beale*, 780 F. Supp. 1073, 1075 (E.D. Va. 1991) (holding that providing prisoner with only two meals per day, with an eighteen-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard), *aff'd*, 998 F.2d 1008 (4th Cir. 1993).

While not binding on its decision, the Court finds it instructive to compare the facts of Plaintiff's case with those of *Wilson v. Johnson*, 385 F. App'x 319 (4th Cir. 2010). Wilson, a prisoner proceeding *pro se*, appealed the district court's order dismissing his civil rights complaint under 28 U.S.C. § 1915A(b) (2006). Wilson's complaint alleged, *inter alia*, that the portions provided to inmates were well below the required daily calorie allotment and that, as a result, he had lost approximately twelve pounds in one month. *Wilson*, 385 F. App'x at 320. The Fourth Circuit found the district court's summary dismissal of Wilson's Eighth Amendment claim premature, holding that his allegations of weight loss provided a sufficient basis to withstand initial review under § 1915A. *Id.* Unlike the plaintiff in *Wilson*, Plaintiff has not

7

alleged that he has suffered specific health consequences, whether physical or emotional, as a result of the Weekend Brunch Schedule. Rather, Plaintiff's Motion to Amend the Complaint alleges his harm in broad, conclusory terms.[7] As Plaintiff has failed to meet the objective component of an Eighth Amendment claim, it is not necessary to inquire further into whether Defendants may have been deliberately indifferent to a substantial risk of serious harm to Plaintiff. Plaintiff's failure to allege specific physical or emotional harm as a result of the Weekend Brunch Schedule renders his proposed addition of an Eighth Amendment claim futile and his Motion to Amend is therefore denied.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED**. It is **THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DEEMED MOOT**. It is **FURTHER ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

AND IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

**June 17, 2015**
**Charleston, South Carolina**

---

7. Plaintiff alleged that he suffered "physical and emotional harm" and that the lack of a third meal affected his mental capacity. (Pl.'s Objections & Mot. to Amend 5.) He also alleged that the Weekend Brunch Schedule constitutes "malnourishment of calorie loss," and that it "depriv[es] [him] of a serious source of sustenance," which makes it difficult for him to complete his work assignments. (*Id.*)

8